# Exhibit E

# THE FURTH FIRM LLP

225 Bush Street, 15th Floor
San Francisco, California 94104
Telephone:  (415) 433-2070
Facsimile:  (415) 982-2076

Sonoma County Office
10300 Chalk Hill Road
Healdsburg, California 95448
Telephone: (707) 838-4379
Facsimile: (707) 838-9685

E-mail: furthfirm@furth.com

Website: www.furth.com

# THE FURTH FIRM LLP

## Firm Overview and Practice Areas

# FIRM OVERVIEW

THE FURTH FIRM LLP is a nationally known San Francisco firm specializing in antitrust and business litigation. The firm has a rich history of handling large and complex litigation matters. Its lawyers apply the highest caliber skills to each and every matter the firm handles. While the firm has elected to remain relatively small to provide its clients with only the highest quality services, THE FURTH FIRM LLP conducts a national litigation and arbitration practice as sophisticated as that of any law firm in the country.

The firm originally became prominent in antitrust litigation, serving as lead counsel for plaintiffs in a number of large, nationwide price-fixing cases, including cases involving the gypsum wallboard, sugar and cement industries, as well as numerous other industries. The firm now handles business litigation on behalf of plaintiffs, including antitrust, business tort, commercial contract, corporate, employment, ERISA, insurance, intellectual property, international arbitration and litigation, RICO, unfair business practice, and unfair competition cases. Our clientele has ranged from individuals and small companies to multinational corporations such as Kellogg Company and Chrysler Corporation.

The firm also prosecutes class action lawsuits on behalf of consumers, investors, businesses and others. These cases involve price-fixing and other antitrust claims, consumer rights, unfair competition, and other claims.

THE FURTH FIRM LLP's extensive experience in complex cases enables the firm to litigate such matters in an organized, timely and efficient manner. With nearly 40 years of experience in prosecuting class actions, the firm has refined its litigation practice to a highly efficient level.

THE FURTH FIRM LLP has a highly integrated team of lawyers working on a relatively small number of matters in order to provide high quality services to all of its clients. This focus helps maintain and strengthen the aggressive and efficient representation of our clients.

The firm's lawyers include a diverse group of individuals who contribute all the skills necessary to provide sound advice in order to win cases and to satisfy clients. We are also proud of our accomplishments in public interest cases, including major improvements in access to public schools and housing for the disabled.

# Practice Areas

## Antitrust Litigation

The firm's practice has long included representation of both plaintiffs and defendants in price-fixing, monopolization, restraint of trade, distribution, and Robinson-Patman Act matters.

## Business Litigation

THE FURTH FIRM LLP represents litigants in virtually all areas of business litigation. The firm has extensive trial experience in state and federal courts, and experience before foreign and domestic arbitration panels. Such litigation and other proceedings involve the practice areas described herein, as well as administrative law, advertising, and other contractual disputes of all sorts.

## Class Action Litigation

The firm has extensive experience in the representation of consumers, investors, businesses and others in class actions involving antitrust claims, securities fraud, consumer rights, unfair competition, and other claims.

## Employer-Employee Litigation

The firm represents employees in disputes arising from the employment relationship, including litigation over wages, overtime pay, covenants not to compete, employment agreements, appropriation of trade secrets, interference with contractual relations, and ERISA litigation.

## Intellectual Property Litigation

THE FURTH FIRM LLP's practice includes the representation of trademark, copyright, and trade secret holders in Lanham Act suits, as well as cases involving the Uniform Trade Secrets Act. The firm has also defended clients against accusations of theft of intellectual property.

## International Law and Arbitration

THE FURTH FIRM LLP has experience in matters involving international law and international commercial arbitration. The firm, working with local counsel in other countries, has assisted in and/or litigated a variety of international legal proceedings, including intellectual property matters in the People's Republic of China, commercial arbitration in Italy, and antitrust matters in the U.K.

## Trade Regulation and Other Regulatory Matters

THE FURTH FIRM LLP has experience representing private parties in a broad range of litigated disputes and other matters involving federal agencies such as the FTC, FDA, DOJ and ICC, as well as matters involving state attorneys general and various state agencies. These matters have pertained to advertising, food labeling, health claims, licensing, public utility regulation, deceptive trade practices, transportation rate regulation, and unfair competition.

During its first thirty-seven years, THE FURTH FIRM LLP has developed a highly integrated team of lawyers working on a relatively small number of matters in order to provide high quality services to all of its clients. While other firms have devoted their attention to growth, THE FURTH FIRM LLP has focused its energies on maintaining complete attention to its clients' needs. This focus helps maintain and strengthen the aggressive philosophy underlying our approach to litigation—a philosophy developed during the firm's formative years and sustained for over three decades. When circumstances warrant, the firm is also very capable of achieving alternative dispute resolutions. THE FURTH FIRM LLP routinely represents clients in mediations and in international and domestic arbitrations.

The firm was founded in 1966 by Frederick P. Furth. Mr. Furth's entrepreneurial spirit had pushed him quickly through experiences at a Wall Street law firm, a Fortune 500 company, and a stint with Joseph Alioto, Sr. in his commercial litigation firm. Intent on developing a team of lawyers capable of handling even the most complex cases, yet maintaining strict control over quality, Mr. Furth has joined with his partners to create a firm engaged in a wide variety of business litigation, corporate counseling, and general corporate work.

Mr. Furth's first significant case brought both a major victory and early widespread recognition. As counsel for a class of gypsum wallboard purchasers, Mr. Furth successfully tried and settled one of the first major antitrust cases brought solely by a private plaintiff without the benefit of any prior Justice Department action. In the process, the firm was instrumental in creating innovative procedures to manage class actions. Federal district court Judge Alfonso Zirpoli, who handled that case, applauded the role the Furth office played: "[W]ithout one iota of governmental assistance, counsel, and in particular the Furth office, by diligent and unrelenting application of their skills and their labors achieved an astounding settlement of $67,640,000... Mr. Furth... has been the chief architect of this entire litigation. His success in the 'dealer' cases and his exceptional leadership, patience and steadying influence thereafter as liaison counsel for all plaintiffs led to the settlement of these cases."

THE FURTH FIRM LLP has participated in numerous class actions on behalf of both plaintiffs and defendants. In one massive nationwide price-fixing case, the firm received a similar accolade for its role as lead counsel from Judge Carl A. Muecke: "[M]embers of Mr. Furth's firm were involved in virtually every aspect of plaintiff's discovery efforts.... In all of these activities, the highest caliber of legal skill was evidenced."

The firm has developed a unique blend of the aggressiveness needed by a plaintiff with complete knowledge of the law and facts of a case to serve all of its clients, whether plaintiff or defendant. The firm's first major defense cases involved the Federal Trade Commission's attacks on Kellogg Company. In these cases, the firm once again took the offensive, filing federal court actions against the agency. In one of the cases, the FTC had accused Kellogg of a "shared monopoly" with the other major breakfast cereal manufacturers and sought the breakup of the company into four parts. The case had been pending for years, and a huge record had been created. The firm mastered that record, including the testimony of dozens of expert witnesses, and convinced the administrative law judge that the FTC's case should be thrown out. The firm has represented Kellogg in a variety of intellectual property, regulatory and corporate matters.

A 1980 lawsuit arising out of Kirk Kerkorian's attempt to take over Columbia Pictures demonstrated the diversity of the firm's skills. Representing Columbia Pictures, the firm, in just over a month, reversed a series of setbacks encountered by previous counsel, and secured several procedural victories which led to Kerkorian's abandonment of his two-year effort to acquire control of Columbia.

The firm's ability to temper properly its aggressive style with a scholarly knowledge of the law was demonstrated in its next large antitrust defense case. Three large plywood manufacturers, having lost a trial and an appeal to the Court of Appeals for the Fifth Circuit, turned to THE FURTH FIRM LLP. The verdict, if upheld, was estimated to have a $2 billion value. After the firm successfully petitioned the Supreme Court for certiorari, won a partial summary judgment on damage claims, and began extensive scrutiny of the remaining damage claims, the case settled in 1982 for a small fraction of the estimated value of the judgment.

The firm's proven ability to handle the most complex of cases was again tested in antitrust cases for Southern Pacific Company and Santa Fe Pacific Corporation. In 1983, the firm was retained to handle the private monopolization claim filed by Sprint against American Telephone & Telegraph Co., paralleling the government suit which led to the divestiture of AT&T's local operating companies. The firm quickly developed a thorough understanding of the telecommunications industry, and effectively put that knowledge to work in arguing the case. After the Sprint cases settled, Santa Fe Pacific Corporation brought the firm in to defend it in a multibillion dollar antitrust action. The action resulted in one of the largest and most innovative trials ever conducted in the federal courts. The case settled while an appeal was pending.

The firm's flexibility with regard to any legal problem enabled it to respond quickly to the call from producers Jon Peters and Peter Guber when Sony hired these two to run Columbia Pictures. With the studio facing a preliminary injunction motion filed by Warner Bros., the firm mobilized the resources necessary to begin discovery and position the case for a quick settlement. THE FURTH FIRM LLP also expeditiously mastered complex issues involved in a representation of Chrysler Corporation. The dispute concerned Lee Iacocca's alliance with Kirk Kerkorian in alleged corporate control matters, as they related to litigation concerning Mr. Iacocca's Chrysler stock options. Shortly after THE FURTH FIRM LLP filed its complaint against Mr. Iacocca, the case settled.

The Kellogg and Chrysler matters exemplify THE FURTH FIRM LLP's proficiency in successfully working with in-house counsel. The firm is also adept at working as a team with other lawyers representing similarly situated or identical clients. The firm served as co-counsel for plaintiffs at the *Sullivan v. National Football League* trials involving a former football franchise owner's antitrust claims, and in the first trial, for example, the jury returned a verdict for plaintiffs of $114 million, after trebling. THE FURTH FIRM LLP served on the steering committee of lawyers in *In re Brand Name Prescription Drug Antitrust Litigation*, a case in which the major pharmaceutical companies paid $716 million in settlement for the class of pharmacist plaintiffs.

Economics usually plays a useful role in both the liability and damages sides of these cases. THE FURTH FIRM LLP is quite experienced in organizing and presenting expert testimony, particularly that of economists and accountants, as well as complex analyses of adversaries' complicated documents and arrangements. Such analyses are individually tailored, whether for massive pharmaceutical industry materials or those required for THE FURTH FIRM LLP's recent representations of lawyers, including the late Melvin Belli, who were in litigation concerning dissolution of a law firm. The firm prides itself on its capacity to handle a wide variety of matters in industries as diverse as telecommunications, food processing and movie making.

-4-

# THE FURTH FIRM LLP

**Attorneys of the Firm**

**Frederick P. Furth**, born in Harvey, Illinois; Drake University and University of Michigan (B.A., Economics & Accounting); University of Michigan (L.L.B.); University of Berlin, Germany. Summer Honors Program, Antitrust Division, Department of Justice, Washington, D.C. Former associate, Cahill, Gordon, Reindel & Ohl, New York City; Counsel, Kellogg Company, Battle Creek, Michigan. Former associate, Joseph L. Alioto, San Francisco, California. Founded the firm in 1966. Author, *The Anatomy of a Seventy Million Dollar Sherman Act Settlement*, 23 DePaul Law Review 865 (1974); *A Plaintiff Lawyer's Views*, University of Pittsburgh Law Review 636 (1975); *Private Antitrust Practice*, Practicing Law Institute (1980; co-author with Robert L. Bluemle). Profiled in Time Magazine: *Are Lawyers Running America?* July 17, 2000. E-mail: fpfurth@furth.com

**Michael P. Lehmann**, born in San Francisco, California; University of California at Berkeley (A.B., Political Science); Hastings College of Law, University of California (J.D.); *Phi Beta Kappa*. Articles Editor, Hastings Constitutional Law Quarterly. Member, *Thurston Society*. Author, *Triangulating the Tort of Invasion of Privacy: The Development of the Remedy in Light of the Expansion of Constitutional Privilege*, 3 Hastings Const. L.Q. 543-598 (1976); *Bivens and Its Progeny: The Scope of a Constitutional Cause of Action for Torts Committed by Government Officials*, 4 Hastings Const. L.Q. 531-604 (1977); *Constitutional Review: Supreme Court, 1976-77 Term*, 5 Hastings Const. L.Q. 61-419 (1978; co-author with Mary C. Eklund); *The Bill of Attainder Doctrine: A Survey of the Decisional Law*, 5 Hastings Const. L.Q. 767-1012 (1978). E-mail: mplehmann@furth.com

**Thomas P. Dove**, born in Washington, D.C.; University of Maryland, (B.A., Political Science, *cum laude*); Boalt Hall School of Law, University of California (J.D.); recipient, *Traynor Cup*, Outstanding Individual Advocate, California Moot Court Championship. Contributing author, Practicing Law Institute: *Rule 23 Class Actions*. Former associate, Paul, Weiss, Rifkind & Garrison, New York. Practiced 28 years in the Office of the Attorney General, State of California, including 15 years in the Antitrust Section, Public Rights Division. Served as Senior Advisor to the Chairman, Antimonopoly Committee of Ukraine, Kiev, Ukraine. E-mail: tdove@furth.com

**Henry A. Cirillo**, born in Queens, New York; Cornell University (B.S., Biology); Student Council, Alpha Zeta Key, honor society; State University of New York at Stony Brook (M.A.); Hastings College of the Law, University of California (J.D., *magna cum laude*, 1987), *Order of the Coif*, Thurston Society, and First Prize, David E. Snodgrass Moot Court Competition. Practiced complex business litigation for three years at Severson & Werson in San Francisco, and for 11 years at McCutchen, Doyle, Brown & Enersen, LLP. E-mail: hcirillo@furth.com

**Kimberly A. Kralowec**, born in Downey, California; Pomona College (B.A., English, *cum laude*); University of California, Davis (J.D.); Recipient: Patrick J. Hopkins Memorial Writing Award and F.S. Jennings Prize in Expository Writing; Senior Articles Editor for the U.C. Davis Law Review. Author, *Estoppel Claims Against ERISA Employee Benefit Plans*, 25 U.C. Davis L. Rev. 487 (1992). Served as Law Clerk to Judge David Mannheimer, Alaska Court of Appeals. Formerly a member of Severson & Werson, San Francisco. E-mail: kkralowec@furth.com

**Jessica L. Grant**, born in Redwood City, California; University of California, Berkeley (B.A., Rhetoric); University of San Francisco School of Law (J.D.); Moot Court Board, Advanced Competitions Director, Quarterfinalist in the Roger J. Traynor Competition, and Quarterfinalist, National Appellate Advocacy Competition. Practiced litigation in San Francisco at Drinker Biddle & Reath, LLP (formerly Preuss Shanagher Zvoleff & Zimmer LLP) and at Allen Matkins Leck Gamble & Mallory LLP. E-mail: jgrant@furth.com

**Julio J. Ramos**, born in Los Angeles, California; Pitzer College of the Claremont Colleges (B.A., Political Science); Columbia University Law School (J.D.); Coro Foundation Fellow, Southern California Center; internships with the City of Pomona Public Works Department and the Office of Congressman George Brown; legal externship with South Brooklyn Legal Services. Practiced litigation in New York at LeBoeuf, Lamb, Greene & MacRae L.L.P. and was staff counsel at the California Public Utilities Commission Office of Ratepayer Advocate. Elected official, San Francisco College Community College Board. E-mail: jramos@furth.com

**Carolyn B. Burton,** born in Danbury, Connecticut; Clemson University (B.A., Sociology, *magna cum laude*); McGeorge School of Law (J.D., *with great distinction*); Valedictorian, *Order of the Coif*, and American Jurisprudence Awards in Civil Procedure, Evidence, Property, and White Collar Crime; *Corpus Juris Secundum* Awards, Civil Procedure & Property; Member, Barrister's Club and Traynor Society; Regional Champion and National Semi-Finalist, A.B.A. Appellate Advocacy Competition, 1996. Certified Student Attorney, U.S. Attorney's Office, Sacramento, 1994-96. Former associate at Morrison & Foerster LLP, San Francisco, and at Brobeck, Phleger & Harrison LLP. E-mail: cburton@furth.com

**Christopher L. Lebsock**, born in San Jose, California; University of Colorado, Boulder (B.A., Economics); *Phi Beta Kappa*; Hastings College of the Law (J.D.); Senior Managing Editor of Hastings Law Quarterly; served as a judicial intern to the Honorable James Lambden, Alameda County Superior Court; internship at Office of the General Counsel, Port of San Francisco. Practiced litigation at Epstein Englert Staley & Coffey and at Drinker Biddle & Reath (formerly Preuss Shanagher Zvoleff & Zimmer LLP). E-mail: clebsock@furth.com

**Jon T. King**, born in Chicago, Illinois; Santa Clara University (B.S., Political Science); member Pi Sigma Alpha—national political science honor society; Hastings College of Law, University of California (J.D., *cum laude*); Editor-In-Chief, Hastings Law Journal; *Order of the Coif*, American Jurisprudence Awards in Criminal Law and Trial Advocacy; CALI Awards in Complex Litigation and Oil and Gas Law. Former associate at Skadden, Arps, Slate, Meagher & Flom, LLP, Los Angeles. E-mail: jking@furth.com

**Michael S. Christian**, born in Anchorage, Alaska; Southern Oregon University (B.S., Business Administration); University of Arizona College of Law (J.D., *magna cum laude*); *Order of the Coif*; Executive Note Editor, University of Arizona Law Review. Author: *Twice Bitten: Violations of Ethical Rules as Evidence of Legal Malpractice*, The Brief (ABA Tort & Insurance Practice Section, Spring 1999). Practiced litigation at Pillsbury Winthrop, LLP, San Francisco, and Lewis and Roca, LLP, Phoenix, Arizona. E-mail: mchristian@furth.com

**Kathleen S. Rogers,** born in Santa Rosa, California; University of California, Santa Barbara, (B.A., *magna cum laude*); University of Santa Clara, School of Law (J.D.), Articles Editor, *Santa Clara Computer and High Technology Law Journal.* Joined the predecessor firm, Furth, Fahrner and Mason, as an associate for five years and then practiced litigation as a partner at the Law Offices of Paul N. McCloskey, Jr. She served as senior litigation counsel at MCI WorldCom for over six years before returning to private practice. E-mail: krogers@furth.com

**Jonathan M. Watkins,** born in Washington, D.C.; University of Oregon (B.S., Political Science); Willamette University College of Law (J.D.); Comments Editor, Willamette University Law Review; Selected for United States Department of Justice Attorney General's Honors Program, 1991; Trial Attorney, Civil Rights Division, Employment Litigation Section, U.S. Dept. of Justice, 1991-1994; Senior Trial Attorney, Civil Rights Division, Criminal Section, U.S. Dept. of Justice, 1994-1997; Staff Attorney, Racial Justice Project, ACLU of Northern California; Formerly Partner at Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco. E-mail: jwatkins@furth.com

**Karen L. Jones,** born in San Luis Obispo, California; University of California, Santa Cruz (B.A. Environmental Studies); University of California, Davis (J.D.). Served as judicial extern for the honorable W. Scott Snowden, Napa County Superior Court. Formerly with Furth, Fahrner & Mason; Wilson, Elser, Moskowitz & Dicker; MCI; and Nextel. E-mail: kjones@furth.com

# THE FURTH FIRM LLP

**Examples of Cases**

<u>Antitrust Litigation—Examples of Cases</u>

<u>High Pressure Laminates Antitrust Litigation</u> (S.D.N.Y.) (Judicial Panel on Multidistrict Litigation)

> Brought on behalf of the purchasers of high pressure decorative laminates, these cases allege that defendant manufacturers—Wilsonart, Formica and International Paper Company (IPC)—combined and conspired to raise, fix, stabilize or maintain the price of high pressure laminates sold in the United States in violation of Section I of the Sherman Act. A $1 billion industry in the United States, high pressure decorative laminates are created by fusing sheets of paper or synthetic materials under high pressure to create a hard, durable, versatile commodity widely used for surfacing kitchen and bathroom countertops, furniture, flooring, bowling alleys, store fixtures, and automotive and aerospace components, among other things. Wilsonart, Formica and IPC control approximately 90% of the domestic market. The Furth Firm LLP is lead counsel in this nationwide, consolidated class action.

<u>Dash v. Formica Corp., et al.</u> (Davidson Co. Chancery Cty., Nashville, Tenn.)

> In a related Tennessee state class action, The Furth Firm LLP represents consumers of high pressure laminates who are suing the defendant manufacturers for price-fixing going back to 1994. For unlawful conduct similar to that described in the consolidated federal action, plaintiffs charge violations of the Tennessee Trade Practices Act and the Tennessee Consumer Protection Act of 1977 and seek damages and injunctive relief.

<u>Zapanta v. Formica Corp., et al.</u> (Cal.Super.Ct., Alameda Cty.)

> The Furth Firm LLP is lead counsel in a California state case alleging price-fixing and unfair competition in the high pressure decorative laminates industry. On behalf of a class of consumer plaintiffs, The Furth Firm LLP and co-counsel charge violations of the California Business and Professions Code, the Cartwright Act and the Unfair Competition Act by defendant manufacturers beginning at least as early as 1994. The unlawful conduct includes combination and conspiracy to raise, fix and maintain artificially high and supra-competitive prices at which defendants sold laminates throughout California and the United States.

<u>Ciprofloxacin Antibiotic Antitrust Litigation</u> (Cal.Super.Ct., Los Angeles Cty.)

> Alleging combinations in restraint of trade, conspiracy to monopolize, and unfair business practices, The Furth Firm LLP has filed a consumer class action against Bayer, Barr Laboratories and Rugby Laboratories for preventing the introduction of a generic equivalent of the antibiotic Ciprofloxacin (Cipro). Cipro is one of the most widely used and medically important drugs of its kind in the United States, with annual sales exceeding $921 million. Generic drugs are chemically identical to their branded counterparts but are marketed at significantly lower prices.

<u>American Central Gas, et al. v. Union Pacific Resources Group, et al.</u> (E.D. Tex.)

Following an arbitration in which it was determined that certain defendants monopolized the gas processing market in Panola County, Texas, in violation of Section II of the Sherman Act (and in which American Central was awarded treble damages), The Furth Firm LLP entered the case to represent plaintiffs in the second half of the bifurcated proceeding. The outstanding claims included a conspiracy to monopolize as well as Section I violations relating to an agreement in restraint of trade between Union Pacific Resources, a gas processor, along with its successor in interest, and Koch, a gas gatherer, which transports gas from the wellhead to the processing plant. In settlements favorable to plaintiffs, one defendant settled on the eve of trial and the other settled shortly before a verdict.

<u>Microcrystalline Cellulose Antitrust Litigation</u> (E.D. Tex.)

Price-fixing, restraint of trade and other unlawful anticompetitive conduct is alleged in the market for microcrystalline cellulose (MCC) in a class action complaint filed by The Furth Firm LLP and its co-counsel. MCC is a substance derived from purified wood cellulose and is used primarily as a binder in the manufacture of pharmaceutical and other tablets. MCC is also used as a food additive to emulsify, stabilize and thicken frozen desserts, salad dressings and nonfat yogurt. The complaint charges FMC, a U.S. producer, and Asahi Kasei, a Japanese producer, with violations of the Sherman Act and seeks treble damages and other relief.

<u>Tobacco Antitrust Litigation</u> (S.D.N.Y.)

The Furth Firm LLP has filed a national class action against the Big Tobacco companies alleging that Big Tobacco conspired through its Committee of Counsel to fix the price of cigarettes sold throughout the United States, Canada and Latin America.

<u>Tobacco Antitrust Litigation</u> (Cal.Super.Ct., San Francisco Cty.)

Alleging violations of the California Cartwright Act and the Unfair Competition Act, The Furth Firm LLP and its co-counsel have filed a consumer class action against cigarette manufacturers. The action was brought on behalf of California indirect purchasers of cigarettes, and alleges that the defendants engaged in an unlawful conspiracy and agreement to fix, raise, stabilize and maintain the price of cigarettes sold to Californians. The complaint seeks injunctive relief, restitutionary relief and damages arising from defendants' alleged price-fixing activities.

<u>Lewis v. Minnesota Mining and Manufacturing, et al. (Scotch Tape Class Action Litigation)</u> (Cal.Super.Ct., San Francisco Cty.)

Scotch tape, the invisible and transparent adhesive tape used for sealing and binding, is manufactured and marketed by the large multinational corporation Minnesota Mining and Manufacturing Company, known as 3M. Annual sales of such tape in the United States are approximately $275 million. In a complaint filed on behalf of a

class of indirect purchasers of Scotch tape, The Furth Firm LLP and co-counsel allege that 3M has monopolized or attempted to monopolize the California market for such tape by engaging in illegal and anticompetitive activities, including exclusive dealing, bundled rebates and other predatory conduct in violation of California and federal antitrust laws. The Furth Firm LLP serves as lead counsel in this matter.

Vitamin Federal Price-Fixing Antitrust Litigation (W.D. Mich.)

On behalf of its client The Kellogg Company, The Furth Firm LLP filed an individual suit against the largest domestic and foreign manufacturers of bulk vitamins and vitamin premixes. Among other things, the complaint alleges violations of the Sherman Act due to a conspiracy among these manufacturers to fix prices and allocate sales and customers.

Vitamin Price-Fixing Antitrust Litigation (Cal.Super.Ct., San Francisco Cty.)

In a class action complaint filed by The Furth Firm LLP against domestic and foreign manufacturers of vitamin products used in the manufacture of injectable vitamins and vitamin feed supplements for livestock and other animals, California indirect purchasers of the vitamins allege violations of the California Cartwright Act and the Unfair Competition Act. Defendant drug companies—including Hoffmann-LaRoche, Rhone-Poulenc and BASF—are accused of conspiring to fix prices, allocate sales and allocate customers in this multi-billion dollar worldwide industry of which California animal vitamin purchasers comprise the largest U. S. market.

Christie's/Sotheby's Antitrust Litigation (N.D. Cal.)

The Furth Firm LLP and its co-counsel filed a federal class action complaint against defendant auction houses for violation of U.S. antitrust laws. The complaint alleges that the defendants engaged in illegal price-fixing of the fees and commissions on non-Internet auctions of, among other articles, fine and decorative art, antiques, furniture, collectibles, paintings, wine, jewelry, coins, stamps, vintage automobiles, sports and celebrity memorabilia, and books. The complaint seeks injunctive relief and damages arising from defendants' alleged price-fixing activities.

Visa/MasterCard Antitrust Litigation (Cal.Super.Ct., San Francisco Cty.)

In a consumer class action lawsuit filed by The Furth Firm LLP and its co-counsel against Visa U.S.A., Inc., Visa International Corp. and MasterCard International, Inc., plaintiffs allege that defendants and others collusively set unreasonably high charges for debit cards that vendors passed on to consumers in the form of higher prices on retail goods and services. The complaint alleges violations of the California Cartwright Act and Unfair Competition Act, and seeks injunctive relief, restitutionary relief and compensatory damages arising from defendants' alleged illegal tying arrangements and anti-competitive activities.

<u>Microsoft Antitrust Litigation</u> (Cal.Super.Ct., San Francisco Cty.)

On behalf of indirect purchasers of Microsoft software, The Furth Firm LLP and its co-counsel have filed a consumer class action lawsuit against Microsoft Corporation, seeking redress for the defendant's alleged restraints of trade and monopolization of the computer software markets for Windows and applications such as Microsoft Word and Excel. The complaint alleges violations of the California Cartwright Act and the Unfair Competition Act. This action and others filed in California Superior Court have been coordinated in Superior Court for San Francisco County.

<u>In re Carbon Fiber Litigation</u> (S.D. Cal.)

The Furth Firm LLP has filed a nationwide class action suit against the world's leading manufacturers of carbon fiber, alleging that the defendants conspired to fix the price of carbon fiber in the United States. The Furth Firm LLP filed suit on behalf of a leading golf shaft manufacturer which uses carbon fiber in its products.

<u>Department Store Cosmetics Price-Fixing Antitrust Litigation</u> (Cal.Super.Ct., Marin Cty.)

On behalf of a putative plaintiff class of California consumers, The Furth Firm LLP has filed a complaint against department stores seeking redress for price-fixing of high-end cosmetics and beauty products. Plaintiffs allege the department stores have violated and continue to violate the California Cartwright Act and the Unfair Competition Act.

<u>In re Bristol Bay, Alaska Salmon Antitrust Litigation</u> (Alaska Super.Ct.)

Salmon fishers represented by The Furth Firm LLP and co-counsel have been certified as a class and are pursuing price-fixing claims against processors and Japanese buyers of salmon from the world's largest salmon fishery. Among the myriad issues presented in this complex case are those of international discovery and the application of U.S. antitrust principles to Japanese business practices.

<u>In re Brand Name Prescription Drugs Antitrust Litigation</u> (N.D. Ill.);
<u>Pharmaceutical Cases I, II and III</u> (Cal.Super.Ct., San Francisco Cty.)

The firm represented plaintiff classes of retail pharmacists in antitrust class action litigation in federal and state court, alleging price-fixing of brand name prescription drugs by two dozen of the world's largest pharmaceutical manufacturers and wholesalers. The firm was the court-appointed lead counsel in the California litigation, and a member of the court-appointed steering committee in the federal litigation. All but five of the defendant manufacturers agreed to settle with the pharmacists, for over $700 million, plus commitments with respect to future pricing practices.

Wall Prods. Co. v. National Gypsum Co. (N.D. Cal.)

In 1967, Frederick Furth initiated an antitrust class action against gypsum wallboard manufacturers alleging a price-fixing conspiracy. The litigation expanded to cover 5,500 plaintiffs in over 140 cases, several hundred lawyers and seven defendants. The cases were consolidated in the courtroom of Judge Alfonso Zirpoli, who ordered separate trials on damages and liability. The pilot cases were tried and won on both liability and damages; a classwide settlement was reached in 1973 for $70 million, which, with interest, totaled $82 million. Published opinions: 326 F.Supp. 295 (N.D.Cal. 1971); 357 F.Supp. 832 (N.D.Cal. 1973); and 386 F.Supp. 959 (N.D.Cal. 1974).

American Basketball Ass'n v. National Basketball Ass'n (N.D. Cal.)

In an antitrust suit filed in 1969, The Furth Firm LLP represented the ABA, then only two years old, against the NBA, accusing the latter of attempting to eliminate competition and restrain trade through the control or monopolization of superstars and other players, facilities and television coverage. A settlement was reached in 1971, whereby both leagues promised to petition Congress for antitrust exemption legislation. Contending that the NBA was not honoring this agreement and was continuing to restrain trade, the ABA filed a second action in 1974. In 1976, the ABA and NBA settled a few weeks before trial, with the Denver Nuggets, Indiana Pacers, San Antonio Spurs and New York Nets joining the NBA. Published opinions: 404 F.Supp. 832 (S.D.N.Y. 1975); 389 F.Supp. 867 (S.D.N.Y. 1975).

Kellogg Company—Shared Monopoly Case (Federal Trade Commission, D.D.C.)

The Furth Firm LLP represented Kellogg Company in this case which literally threatened the company's existence. An activist Federal Trade Commission hoped to establish the power to regulate highly concentrated industries under Section 5 of the FTC Act even where no violation of the antitrust laws was shown. The FTC sought to break Kellogg into four companies based on the claim that it had shared a cereal monopoly with three other major cereal manufacturers through parallel, non-collusive activity. The FTC also sought to compel Kellogg to license its trademarks on a royalty-free basis. The case involved industrial organization issues of parallel corporate conduct, creation of barriers to entry and excess profitability. With its comprehensive knowledge of antitrust law and principles, The Furth Firm LLP developed creative defense strategies and presented and rebutted highly sophisticated economic testimony. The FTC ultimately dismissed the case, after the administrative law judge ruled in Kellogg's favor on nearly every disputed issue of fact.

<u>In re Plywood Antitrust Litigation</u> (5th Cir.)

> After the Fifth Circuit upheld a jury verdict finding that three plywood manufacturers—Georgia Pacific Corp., Weyerhauser Co. and Willamette Industries—had conspired to fix delivered prices, with possible damages estimated to be as high as $2 billion, The Furth Firm LLP was retained as lead defense counsel. The Furth Firm LLP promptly won important rulings on the damage phase of the case at the trial level and led a successful effort to have the Supreme Court grant certiorari to review the verdict of liability. The case was eventually settled through the negotiating efforts of the firm, for a sum far less than projected damage exposure. Published opinions: 655 F.2d 627 (5th Cir. 1981); 663 F.2d 101 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983).

<u>Southern Pacific Comm. Co. v. AT&T</u> (N.D. Cal. and D.C. Cir.)

> In December of 1982, Southern Pacific Co. had lost an antitrust action in the federal district court for the District of Columbia against AT&T for attempting to monopolize the market for private line telecommunications services (SP I). Also, the time was running out for filing a second action against AT&T for attempting to monopolize the market for switched telephone services (SP II). Southern Pacific retained The Furth Firm LLP, which stepped in and vigorously briefed and argued the appeal. Although the District of Columbia Circuit upheld the judgment below, the former President of Southern Pacific said, "[Y]our firm did an absolutely superb job before the Court of Appeals." The Furth Firm LLP also filed SP II in the federal district court in San Francisco, where it was consolidated for discovery purposes with similar actions by MCI and U.S. Transmission Systems. AT&T's summary judgment motion based on res judicata was defeated in 1985. While additional summary judgment motions were pending, the case settled quite favorably for Southern Pacific. Published opinions: 740 F.2d 980 (D.C. Cir.), cert. denied, 470 U.S. 1005 (1984); 740 F.2d 1011 (D.C. Cir. 1984).

<u>ETSI Pipeline Project v. Burlington Northern, Inc.</u> (E.D. Tex.)

> This litigation was one of the largest cases ever tried in federal court. The case involved allegations that a group of railroads, including the Atchison, Topeka & Santa Fe Railway Co., conspired over a ten-year period to prevent a pipeline from being built that would transport slurried coal from South Dakota to Texas. The plaintiffs included Bechtel Corp., Texas Eastern Pipeline Co., Houston Lighting & Power Co. and the Lower Colorado River Authority/City of Austin. The Furth Firm LLP entered the case in October of 1987, as chief defense counsel for Santa Fe. Over the next two years, The Furth Firm LLP was involved in hundreds of depositions, the writing of dozens of briefs on nearly every conceivable aspect of antitrust law and trial procedure, and the preparation for a lengthy trial. Trial commenced in Beaumont, Texas, in January of 1989 and lasted two months. Santa Fe by then was the only remaining defendant. After the jury found for ETSI but against HL&P, The Furth Firm LLP participated in a vigorous appeal, and the case was eventually settled when the client moved forward with its restructuring program.

<u>Sullivan v. National Football League</u> (D. Mass. and 1st Cir.)

    The firm served as co-lead counsel for the plaintiff, the former owner of the New England Patriots NFL franchise, in an antitrust action challenging the league's policy forbidding public ownership of member clubs. The first trial resulted in the largest treble-damage verdict entered against the NFL, $114 million, later remitted to $51 million. This verdict was overturned when the First Circuit determined that the trial court had improperly refused to give certain jury instructions, although the appellate court did agree that triable issues existed as to liability and damages. After a second trial resulted in a deadlocked jury, the case was settled by mediation.

<u>Merck/Medco Antitrust Merger Litigation</u> (N.D. Cal.)

    The firm represented a retail pharmacist, suing on behalf of pharmacists nationwide, in a private antitrust case under Section 7 of the Clayton Act. This action challenged the acquisition by Merck & Co. of Medco Containment Services, Inc., the nation's largest pharmacy benefits management company. Defendant's motion for summary judgment was denied, and the case settled shortly before trial.

<u>Business Litigation—Examples of Cases</u>

<u>Business tort action—pharmaceutical industry</u> (Cal.Super.Ct., San Mateo Cty.)

    The Furth Firm LLP represented a corporate plaintiff alleging tortious interference with contractual relations involving pharmaceutical technology in the development of a cancer drug. The defendants are charged with interfering with a license agreement, among other things.

<u>Business tort, breach of contract, unfair competition action</u> (N.D. Cal. and Cal.Super.Ct., San Francisco Cty.)

    The Furth Firm LLP represented the plaintiff in this case involving claims for breach of fiduciary duties, fraud, fraudulent concealment, breach of contract, interference with prospective economic advantage, unfair competition and conspiracy to breach fiduciary duties. The firm is also defending the same client against claims by the defendant and other parties, which include allegations of unfair competition, private nuisance, interference with prospective economic advantage and business relations, and breach of contract.

<u>Business tort and other claims arising out of sale of business</u> (N.D. Cal. and American Arbitration Association, San Francisco, California)

    The Furth Firm LLP defended a party in an arbitration proceeding and in a federal court proceeding involving disputes surrounding the sale of part of a business. The case includes allegations of fraud, negligent misrepresentation, breach of fiduciary duty and securities violations.

Bankruptcy court proceedings (U.S. Bankr., M.D. Fla.)

> The Furth Firm LLP defended a party in an adversary proceeding in bankruptcy court involving claims for past due royalties under a trademark license agreement. The case settled during the pendency of the party's appeal from an adverse judgment following a week-long bench trial.

Chrysler Corporation v. Iacocca (Mich. Cir. Ct., Oakland Cty.); Iacocca v. Chrysler Corporation (Cal.Super.Ct., Los Angeles Cty.)

> The Furth Firm LLP represented Chrysler Corporation in disputes concerning Lee Iacocca's alliance with Kirk Kerkorian in alleged corporate control matters, as they related to litigation concerning Mr. Iacocca's Chrysler stock options. Shortly after The Furth Firm LLP succeeded in obtaining the dismissal of Mr. Iacocca's California action against Chrysler, the matter was settled.

Business tort, breach of contract, unfair competition action (Cal.Super.Ct., San Francisco Cty.)

> In this case, The Furth Firm LLP represented a plaintiff food company in a complex action for breach of contract, fraud, negligence and interference with business relations. The plaintiff alleged that various defendants failed to promote its food products as required by certain contractual, fiduciary and other obligations, and that they interfered with ongoing and prospective business relationships of the plaintiff. The matter settled prior to trial.

Breach of contract—arbitration action (American Arbitration Association, Dallas, Tex.)

> The Furth Firm LLP represented a party in a binding arbitration before a single arbitrator of the American Arbitration Association. This arbitration arose out of the sale of the stock of a company by our client and others to another company. The latter company sought to recover a portion of an escrow fund that was created pursuant to the stock purchase agreement.

Fiduciary duty claims (U.S. Bankr., E.D.N.Y.)

> The Furth Firm LLP represented a former chief executive officer and directors of a company in this action against them for, among other claims, breach of fiduciary duty in connection with a leveraged buyout.

Insurance coverage litigation (Cal.Super.Ct., Marin Cty.)

> This action arose out of a claim for reimbursement by a plaintiff insurance company for sums paid under a directors' and officers' liability policy in settlement of a securities-related class action. The Furth Firm LLP represented the defendant, who obtained a declaration of coverage under the policy on summary judgment. The Ninth Circuit remanded, and the action was ultimately refiled in state court, where it settled.

-8-

Warner Bros., Inc. v. Sony Corp. (Cal.Super.Ct., Los Angeles Cty.)

> This was a lawsuit arising from Sony Corp.'s purchase of Columbia Pictures and its hiring of Peter Guber and Jon Peters to run that studio. Warner Bros. claimed breach of a long-term agreement. The Furth Firm LLP represented Messrs. Guber and Peters in this action. The case settled before any depositions occurred, with the clients free to become the chief executives of Columbia.

Breach of contract, noncompetition clause action (M.D. Tenn.)

> The Furth Firm LLP represented a manufacturer of sewing machines in a suit involving contractual disputes arising out of its purchase of defendant's business. A preliminary injunction was obtained concerning the parties' non-competition clauses. The case settled.

Trade secret theft, trade disparagement action (Ill. Cir. Ct., Cook Cty.; N.D. Ill.; 7th Cir.; and C.D. Cal.)

> The Furth Firm LLP represented one of the top financial printers in various litigation involving competitors in the same business category. The disputes concerned allegations of stealing trade secrets and employees, as well as trade disparagement and RICO violations. The RICO causes of action filed by The Furth Firm LLP survived motions to dismiss. Settlements were reached in all cases.

Business tort and breach of contract actions (Cal.Super.Ct., San Mateo Cty.; N.D. Cal.; and 9th Cir.)

> The Furth Firm LLP represented a company that had been in the business of container shipping and sued other shipping firms for breach of contract, antitrust violations, and breach of fiduciary duties. The federal case involved complex issues of Federal Maritime Commission regulation and bankruptcy law. The state case raised federal preemption issues. It involved numerous appeals, including a seminal opinion by the California Supreme Court on choice of law issues.

Unfair trade practices actions (Cal.Super.Ct., Fresno Cty.)

> The Furth Firm LLP has represented one of the nation's largest producers of table wine since the early 1980s in a variety of lawsuits. The resultant trials and appellate opinions dealt with many important issues of California law including the scope of the statute of frauds and its exceptions, interpretation of several key provisions of the Uniform Commercial Code, the right to restitutionary and injunctive relief under the state unfair trade practices act, and the use of collateral estoppel.

<u>Class Action Litigation—Examples of Cases</u>

<u>W. R. Grace & Company, et al. Fraudulent Conveyance Litigation</u> (Cal.Super.Ct., San Francisco Cty.)

 Representing a class of tens of thousands of people with unsatisfied personal injury or wrongful death claims against W. R. Grace & Co., Inc. and its affiliates based upon exposure to asbestos, The Furth Firm LLP and its co-counsel have filed a complaint seeking relief for creditors of Grace. This is a national class action asserting claims of fraudulent conveyances under the Uniform Fraudulent Transfer Act and common law, denuding, conspiracy to denude, and civil conspiracy in connection with Grace's efforts to shield itself from tort claims arising from asbestos liability. In addition to damages and other relief, the complaint seeks the establishment of a constructive trust on all assets transferred in connection with 1996 and 1998 transactions which left the W. R. Grace & Co. entity fraudulently diminished in worth and unable to pay its debts.

<u>Zonolite® Product Liability Class Action</u> (Cal.Super.Ct., Alameda Cty.)

 Zonolite®, a loose-fill insulation for rafters, walls and under floors, contains tremolite asbestos, an especially deadly form of asbestos because of its needle-like fibers that penetrate the lung tissue and cannot be removed by the body. Zonolite® is produced by W. R. Grace & Company, a defendant in this action which claims that the manufacturer has known the danger of its product for decades and has concealed its hazards from unsuspecting purchasers or anyone who may unwittingly disturb the insulation and release its deadly fibers into the air and into their lungs. On behalf of plaintiffs, The Furth Firm LLP and its co-counsel allege violations of the California Civil Code, negligent misrepresentation, negligence, strict liability for ultrahazardous activity, and products liability—design defect. The complaint seeks punitive damages and declaratory and injunctive relief.

<u>In re Austrian and German Bank Holocaust Litigation</u> (S.D.N.Y.)

 The Furth Firm LLP represented a putative plaintiff class in this complex action against a number of German and Austrian banks. This action involves tort and international law claims on behalf of Holocaust survivors and their heirs. The claims allege, among other things, that the German and Austrian banks were complicit in and profited from the seizure, looting and laundering of assets of persecutees of the Nazi regime during World War II.

<u>Winery limited partnership litigation</u> (Cal.Super.Ct., Sonoma Cty.)

 The Furth Firm LLP was lead counsel in this securities fraud case brought on behalf of a nationwide class of investors in limited partnerships formed to purchase and operate wineries. The case was settled favorably for the class.

<u>Telecommunications litigation</u> (Texas Dist.Ct., Jefferson Cty.)

> Utilizing its substantial telecommunications experience in local exchange market issues, The Furth Firm LLP successfully settled a class action contract case in which it was co-lead counsel on behalf of a class of 57 Texas municipalities. The case involved enforcement of the cities' franchise ordinances providing for the payment of fees for the use of the streets.

<u>Industrial revenue bond litigation</u> (D. Ariz.)

> The Furth Firm LLP represented the plaintiff class in a securities fraud class action by purchasers of industrial revenue bonds that were intended to finance the development of a residential care facility and nursing home. The case was settled on a favorable basis, against most of the defendants, along with a related case involving a separate but similar bond issue.

<u>Mortgage fund limited partnership litigation</u> (D. Ariz.)

> This was a securities fraud class action by purchasers of limited partnership interests in blind pool mortgage funds. The complaint alleged an elaborate ponzi scheme whereby monies obtained from investors were used to pay distributions to investors in prior limited partnerships. The Furth Firm LLP represented the plaintiff class, which was certified. This case settled while summary judgment motions were pending.

<u>Real estate limited partnership litigation</u> (N.D. Tex.)

> In a securities fraud class action by purchasers of interests in 121 limited real estate partnerships, The Furth Firm LLP, together with two other counsel, represented the class. The district court's opinions granting class certification and denying summary judgment were highly favorable to securities plaintiffs and dealt with a host of important issues, such as classwide proof of reliance and causation, typicality of claims, statutes of limitations, scienter and materiality. The case was settled favorably for our clients.

Intellectual Property Litigation—Examples of Cases

<u>Trademark infringement and dilution action</u> (D. Minn.)

> The Furth Firm LLP represented a Fortune 500 defendant sued for trademark infringement and dilution under the Lanham Act and state unfair competition laws. The plaintiff filed a motion for a preliminary injunction, seeking to enjoin the defendant's nationwide launch of an innovative new food product. The Furth Firm LLP expeditiously assembled and submitted to the court extensive evidence, including survey evidence, supporting the defendant's opposition to the motion for a preliminary injunction. After presentation of oral argument on the motion, the court denied the plaintiff's motion from the bench.

<u>Trademark infringement and dilution action</u> (W.D. Tenn. and 6th Cir.)

The Furth Firm LLP represented the plaintiff in this case, which involved a famous trademark and claims for trademark infringement, trademark dilution and abandonment under the Lanham Act, as well as state common law claims.

<u>Trademark and trade dress infringement, unfair competition action</u> (N.D. Cal. and 9th Cir.)

The Furth Firm LLP represented a plaintiff winery in this case, which involved, among others, claims for trademark and trade dress infringement under the Lanham Act, and state common law claims. This case pertained to the labeling and packaging of bottled wine products.

<u>Trade secret misappropriation action</u> (Mich. Cir. Ct., Calhoun Cty., and W.D. Mich.)

The Furth Firm LLP represented the plaintiff in this case, which brought claims for breach of contract and misappropriation of trade secret information. This action was initially filed in Michigan state court and pertained to the product formulations and manufacturing processes for food products.  During discovery, The Furth Firm LLP uncovered new evidence which enabled the plaintiff to amend its complaint to assert additional claims for unfair competition under the Michigan Consumer Protection Act and the Lanham Act.  Shortly after the plaintiff amended its complaint, the matter was removed to federal court and settled.

<u>Trade secret misappropriation action</u> (M.D. Pa.)

The Furth Firm LLP represented a plaintiff in this action which brought claims for breach of contract, misappropriation of trade secret information and conversion.  The action pertained to the design and engineering of a mechanical device used in the manufacture of food products, as well as the processes associated with the use of that device.  The Furth Firm LLP obtained a stipulated final judgment and consent decree, which enjoined the defendant from further use or disclosure of the plaintiff's trade secret information.

<u>International trademark infringement action</u> (Intermediate People's Court of Meizhou City; on appeal, High People's Court of Guangdong Province, People's Republic of China)

This action involved infringement of the trademarks and trade dress of KELLOGG'S® CORN FLAKES ready-to-eat cereal in the People's Republic of China (P.R.C.).  Kellogg brought this action against the Meizhou Kongalu Nutritious Food Company in the Intermediate People's Court of Meizhou City, located in the Guangdong Province of the P.R.C.  Kellogg alleged claims for violation of P.R.C. Trademark Law, P.R.C. Unfair Competition Law and various international treaties and agreements, including the Paris Convention. Kellogg initially was successful in obtaining a temporary order enjoining Kongalu's sale of the product. The Meizhou Intermediate Court, however, ruled against Kellogg. Kellogg appealed to the High People's Court of Guangdong province.

-12-

The Furth Firm LLP, which had no involvement in the lower court proceeding, was extensively involved in the appeal of this matter. The firm first assisted Kellogg in the search for and retention of new Chinese local counsel and then worked closely with that counsel in the appellate proceeding, including the preparation of extensive briefs, affidavits and other materials on a number of legal and evidentiary issues. The Furth Firm LLP also supervised the translation of these materials into Chinese, as well as their review and finalization by local counsel. Kellogg obtained a reversal of the lower court's order and a judgment in its favor.

Trade dress infringement and unfair competition claims preliminary injunction hearing (D. Utah)

In this case, The Furth Firm LLP defended a party against trade dress infringement and other claims. The plaintiff alleged infringement of a trade dress or product configuration for various plastic food molds under the Lanham Act and related state common law claims. The plaintiff unsuccessfully sought a preliminary injunction against the defendant which would have required a nationwide recall and/or re-labeling of millions of packages of defendant's product. Thereafter, The Furth Firm LLP obtained summary judgment on all of the plaintiff's state common law claims and the case settled.

Trademark infringement action preliminary injunction hearing (S.D. Ohio)

The Furth Firm LLP represented a defendant in this case which successfully defeated a motion for preliminary injunction after a two-day hearing. This case involved a broad range of trademark and other issues, including the related goods doctrine, dilution, confusion of sponsorship and the necessary showing for irreparable injury. This matter settled before trial.

Trademark infringement action (D. Minn. and 8th Cir.)

In this case, The Furth Firm LLP represented a plaintiff which unsuccessfully sought a preliminary injunction. This case produced an important opinion on the distinctions between generic and descriptive trademarks. The case settled before trial.

Unfair advertising (W.D. Mich.)

This Lanham Act case involved claims for unfair advertising involving product comparisons. Extensive briefing was required in preparation for a court-mandated alternative dispute resolution session. The action settled before trial.

Employer-Employee Litigation—Examples of Cases

**Wal-Mart's failure to properly pay overtime wages and provide rest breaks (California, Maryland and Massachusetts state courts)**

Current and former Wal-Mart employees in numerous states have filed lawsuits against Wal-Mart, alleging that they are forced to work "off-the-clock," miss many of their meal and rest breaks and are not being paid for all of the time that they work. Wal-Mart employees allege that they must prepare their cash registers and attend meetings and trainings prior to clocking in for work and are asked to perform work-related tasks during their meal and rest breaks. Some employees allege they have been locked in the store overnight. Many employees allege they are asked to begin work early or leave work late to complete tasks while "off-the-clock" but then are not paid for the extra time that they work.

The laws of most states require that employers keep accurate records of all hours worked by their employees and pay them for all time worked. Some state laws also require that employees be given regular meal and rest breaks, during which they should not be required to work and should be free to leave the store. In some states, employees who work more than 40 hours per week must be paid overtime.

**ERISA litigation (C.D. Cal. and 9th Cir.)**

This case involving issues of ERISA law concerned the leveraged buyout of a corporation by a company ESOP and whether the persons who approved that transaction (which involved a consolidation of existing profit sharing plans) violated their fiduciary duties under ERISA.

**Age discrimination litigation (Ariz. Super. Ct., Maricopa Cty., and D. Ariz.)**

These related state and federal cases, in which The Furth Firm LLP represented over 30 employees, involved the employees' claims of age discrimination in employment, arising out of reductions in the workforce conducted by the defendant.